Judge Nicholas
delivered the opinion of the Court.
Jamp.s Cox and Richard Lansdale became surities of Shanks in an iniunetion bond, upon which judgment was afterwards rendered against Cox, as surviving obligor, and the judgment satisfied by Cox’s suretv in a replevin bond. Cox after-wards, on the 22d March, 1822, paid his suretv. Fe then obtained judgment against Shank’s heirs, and by execution made part of the money. For the purpose of obtaining contribution for the residue, Shank’s estate being insolvent, he brought his motion against the administrators and heirs of Lansdale and recovered a judgment, which was after-wards, on the 21st June, 1828, reversed in this court', and the motion directed to he dismissed, on the ground that the statute did not' authorize a joint motion against the heirs and personal representatives. On the 18th August, 1828, lie filed his bill, with the same object, against the administrators and two of the heirs of Lansdale, two others of his children .and heirs being then dead.
The defendants plead the statute of limitations and insisted that the heirs of one, and devisees of the *392 other of the two deceased children, were necessary parties, and that they should be brought before the court.
Whether a fa 11 s^within°” the terms of the proviso, the^sixth seotion of the statnteoflim tcfsTve’ihn aS remedyinány common law action. Querc‘
On the 29th June, 1829, Cox filed an amended hill, bringing before the court as defendants, the children and heirs of Levi Brashear, deceased, who had married Camilla, one of the deceased children of Lansdale, but without charging that they were the children or heirs of said Camilla.
The circuit court, on final hearing, dismissed the bill as to the heirs of Levi Brashear, and rendered a decree against the other defendants, as administrators and heirs of Lansdale to he paid in notes of the hank of the Commonwealth, from which they prosecute this appeal.
The principal question made here, is, whether the complainants demand is barred by the statute of limitations. This involves a point of some novelty, and much importance, and which, so as far as we are advised, has never before been, directly adjudicated upon.
It is contended that a suit bv motion does not fall within the terms of the proviso contained in the sixth section of the statute of limitations, so as to save the remedy in any common law action, and consequently the complainant must be barred.
That section provides, that if in any of the said actions or suits, judgment be given for the plaintiff anfl the same be afterwards reversed, the plaintiff may commence a new action or suit within one year after the reversal. A motion is no where mentioned in the previous part of the statute, and of course ^ie reference to said actions and suits (loes not literal-Iv applv to or embrace a suit by motion Whether, however.it does not so far fall within the spirit and equity of the proviso, as to authorize the courts, in saying, that the remedy in such ca«e shall he preserved for the purposes of another common law action, we need not now determine. For the question, so far as it applies to a court of chancery, can he settled on grounds, which might not necessarily he deemed to embrace an action at law.
*393 A bill in equity is itself not within the statute, It is only by an equitable construction of the statute, and for the purpose of making the rules of proceeding in chancery harmonize as far as practi. cable with those of courts of law, that it is allowed as an available defence at all before the chancellor. It is no longer a matter of discretion with him, to allow the plea of the statute or not. The repeated adjudications upon the subject, have taken away this discretion, and make it an inflexible law of the court, that the plea must he allowed, where and as it has heretofore been done. But it is still nevertheless true, that originally, when the rules of prescription with their except ions as laid down in the statute, were adopted by the chancellor, it was then matter of discretion with him, whether upon principles of general policy, he would adopt them or not. When therefore a new case arises, where no previous adjudications have established a rule and law of the court, is it not still within his discretion to test such new case by a liberal exposition of the statute according to its equity, spirit, and obvious policy, rather than by a literal adherence to the mere import of its very letter ? The legislature in failing to mention bills in equity in the statute, did so, either from the opinion that it was wrong to prescribe any limitation against them, or from a belief that the courts would ingraft its spirit upon an equitable jurisprudence, without any express mention of them. The latter is much the most probable conjecture, as to the true reason for the pretermission. If it was left to the courts to adopt the statute or not, the mode of its adoption was also certainly confided to them. Otherwise it is impossible, satisfactorily, to account whv it does not expressly include hills in equity. And if it he conceded, that a discretion was allowed the courts, as to the manner of its adoption, there cannot he a doubt that the legislative intention will he best fnlfi'led, bv framing the chancery rules of prescription according to the spirit and policy of the act.
In an anonymous case, I Vern. 73, the chancellor is reported to have said, that a man sued in chancery, and nending the suit, the statute of limitations. *394 run against his demand, and his bill was afterwards dismissed for want of jurisdiction, the court would preserve his right by enjoining the defendant from pleading the statute in an action at law.
Party sued by tiiotion before ñve years,and aftor the lapse £[sfive ye,irs e i, he then within -me year from the dismissal of Msmoii.m fij. of®^.|'ls-t,llJm tin^ao^e3*’' a™ claim, ?he ckr tha!: comes within and pj.oyiso °f fhe ndneTin°the sixth section °~ the statute '“therefore was not barrecl-
*394 The courts of law themselves, have indulged a latitude of construction, for the purpose of bringing cases within its inhibition, where they were not strictly within the letter of the statute, fullv equal to what is here contended for. Witness the case of setoff. The courts have applied the statute, .though there is no warrant whatever therefor in express terms. A plea or notice of set off was deemed to fall within its mischief, and was therefore brought within its remedy. So also in England, where the action was brought in time, but abated after the riming of the six years, by the death of either party', the courts, upon an equitable construction of the statute, ■allowed the suit to be renewed within a year, by or againstihe personal representatives. Balan, on Lim. 166.
Adopting such rule for our guide here, there is no difficulty in ascertaining the spirit and policy of the sixth section. Where a party had so far manifested a bona fide intention to sue for his demand, within the time prescribed, and the remedy he might select was so far sanctioned that he obtained judgment before an inferior tribunal, it was thought unreasonable that time should run against him whilst in the pursuit of his right, when it should afterwards he ascertained in this court, that he had mistaken his remedy. Besides, the judgment of a court was. deemed such a solemn and aufhorative recognition of his right, as rescued his claim from that doubt and imputation which the lapse of time was otherwise calculated to cast upon it. A claim so circumstanced, was deemed not properly' to fall within the general mischief, against which the statute was intended to provide, and was therefore rescued from its operation.
In this case the plaintiff within time sued by' raotion, obtained his judgment in the circuit court, W^1‘C'1L was afterwards with much doubt and hesifancy reversed in this court, because he had mista *395 ken his remedy ; because he ought to have brought either an action of assumpsit, or bill in equity. This ciaiin comes as fairly aim fully witliin tne spirit and policy of the proviso contained in the sixth section, as if he had brought an action of debt, and the same result had tallen place ihe circuit court did right in sustaining nis hill, notwithstanding tne plea of the statute.
The court was also certainly right in dismissing the suit as to the children and heirs of Levi Bras-hear, they are not shown to have been the heirs of Camilla Brashear, nor tiiat they received through her, any real estate, that descended to her from Lansdale, so as to charge them as his heirs.
But we think it equally clear that the objection for the want of proper parties, is weil taken. heirs of Camilla and Clarissa, the two deceased daughters of Lansdale, and the devisees of Clarissa, should have been brought before the court. If any of the real estate which descended from Lansdale to Camilla and Clarissa-, descended to their heirs, passed to the devisees of the latter, they are clearly responsible for the debts of Lansdale, and should be brought before the court, to bear a proper share of the burthen of this claim. See Bac. Ab. title Heir; II Sand. 7, note 4; Dyer, .368; Waller vs. Ellis, II Mun. 88;
If the debt was paid by Cox, in bank paper, its value at the time of payment, should be ascertained, and the decree therefore, with interest, should be rendered in lawful money.
Decree reversed, with costs, and cause remanded, with directions to permit the complainant, to bring before the court, the heirs of Camilla Brashear and. Clarissa Lansdale, and the devisees of said Clarissa, and upon his failure to do so within a reasonable time, that his bill be dismissed without prejudice &c.